COPY

1   RICHARD R. GRAY, Bar No. 071030
    LITTLER MENDELSON
2   A Professional Corporation
    500 Capitol Mall
3   Suite 2000
    Sacramento, CA 95814
4   Telephone: 916.830.7200
    Facsimile: 916.561.0828
5   E-mail: rgray@littler.com

6   COURTNEY HOBSON, Bar No. 252322
    LITTLER MENDELSON
7   A Professional Corporation
    2049 Century Park East
8   5th Floor
    Los Angeles, CA 90067.3107
9   Telephone: 310.553.0308
    Facsimile: 310.553.5583
10  E-mail: chobson@littler.com

11  Attorneys for Defendant
    HUHTAMAKI, INC.
12

13               UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15  GILBERT PALMER, SR., an              Case No. SACV11-00946 AG(ANx)
    individual,
16
                      Plaintiff,
17                                        DEFENDANT HUHTAMAKI INC.'S
18  v.                                    NOTICE TO FEDERAL COURT OF
                                          REMOVAL OF CIVIL ACTION
19  HUHTAMAKI, INC., a corporation ;      FROM STATE COURT PURSUANT
    and DOES 1 through 10, inclusive,     TO 28 U.S.C. §§ 1332, 1441, AND
20                                        1446
                      Defendants.
21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FILED
CLERK, U.S. DISTRICT COURT
JUN 23 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Huhtamaki, Inc., a Kansas corporation, removes to this Court the state court action described herein.  Defendant removes the captioned action from the Superior Court of the State California – County of Los Angeles.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C section 1441(b) due to diversity of citizenship between the parties.

In support of its Notice of Removal of Civil Action, Defendant alleges:

**A.    JURISDICTION**

1.    This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332(a) and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b), because Plaintiff, Gilbert Palmer, Sr. ("Plaintiff"), is a citizen of the State of California, and Defendant Huhtamaki, Inc. ("Defendant" or "Huhtamaki") is a Kansas corporation with its principal place of business in the State of Kansas.  The amount in controversy in this action exceeds $75,000.00.

2.    On May 24, 2011, Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California - County of Los Angeles entitled "Gilbert Palmer, Sr., an individual vs. Huhtamaki, Inc., a corporation, and Does 1 through 10, inclusive," designated as Case No. BC462240.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

3.    Plaintiff's Complaint alleges the following causes of action:  (1) Discrimination in Employment – Medical Condition (Cal. Gov't Code §§ 12940, et seq.); and (2) Breach of Implied Promise Not to Terminate Without Good Cause.  Plaintiff's Complaint seeks, inter alia, the following relief:  compensatory damages, including, but not limited to loss of wages, bonuses, vacation pay, "other special damages" and emotional distress.  Plaintiff also seeks punitive damages, costs of suit, and attorney's fees.  [See Complaint, ¶¶ 13 - 16, 21; and Prayer for Relief, ¶ 1, 2, 3, and 4.]

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

1.

1          4.     Under California Code of Civil Procedure sections 415.40 and

2   416.10, service was deemed effective on Huhtamaki on June 17, 2011, ten days after

3   counsel for Plaintiff served Defendant's Chief Executive Officer by mail with a copy

4   of the Summons and Complaint, Complaint of Discrimination with the California

5   Department of Fair Employment and Housing ("DFEH") and the Equal Employment

6   Opportunity Commission ("EEOC"), the Notice of Case Closure from the DFEH and

7   the Notice of Case Management Conference, true and correct copies of which are

8   attached collectively hereto as Exhibit B.  A true and correct copy of the Proof of

9   Service of Summons, filed in Los Angeles Superior Court, is attached hereto as

10   Exhibit C.

11         5.     The Summons, Complaint, Complaint of Discrimination with the

12   DFEH and the EEOC, the Notice of Case Closure from the DFEH, and the Notice of

13   Case Management Conference constitute all of the pleadings and process served upon

14   Defendant Huhtamaki in this action to date.

15         6.     Prior to filing this Notice of Removal, Huhtamaki filed an answer

16   to Plaintiff's Complaint in the Los Angeles County Superior Court on June 22, 2010.

17   A true and correct copy of Defendant's Answer is attached hereto as Exhibit D.

18         7.     This Notice of Removal is timely as it is being filed with this Court

19   and served within 30 days after the date when Defendant was deemed served with the

20   summons and Complaint and is less than one year after commencement of this action

21   as required under 28 U.S.C. section 1446(b).

22         8.     Venue is proper in this Court in that this is the Court for the district

23   and division embracing the place where the action is pending in state court.  28 U.S.C.

24   section 1441(a).

25   **B.**     **DIVERSITY OF CITIZENSHIP**

26         9.     Complete diversity exists between the parties because:

27         (a)     Plaintiff alleges that, "Plaintiff is, and at all times relevant

28   hereto was, a resident of the State of California, County of Los Angeles" [Complaint,

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

2.

1  ¶ 1, attached as Exhibit A].  Plaintiff, therefore, is a citizen of the State of California.

2  See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is

3  domiciled); *see also, Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can

4  create a rebuttable presumption of domicile supporting diversity of citizenship);

5     (b) Defendant Huhtamaki, Inc. was, at the time of filing this

6  action, and still is, a corporation incorporated under the laws of the State of Kansas,

7  having a principal place of business in the State of Kansas.  See 28 U.S.C. section

8  1332(c)(1) ("A corporation shall be deemed to be a citizen of any State by which it

9  has been incorporated and of the State where it has its principal place of business.").

10  As recently clarified by the United States Supreme Court in *Hertz Corp. v. Friend*,

11  559 U.S. ___ 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place

12  of business' in § 1332(c)(1) refers to the place where a corporation's high level

13  officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve

14  center,' which will typically be found at its corporate headquarters."  Huhtamaki's

15  principal corporate headquarters are located in De Soto, Kansas, including its

16  executive offices, as well as its Legal Department, Human Resources, and

17  administrative offices.  [Declaration of Doris Simpson ("Simpson Decl."), ¶ 3.]  The

18  State of California does not contain a "substantial predominance" of Huhtamaki,

19  Inc.'s business activities;

20     (c) Plaintiff's Complaint names as defendants "DOES 1 through

21  10, inclusive."  Defendants Does 1 through 10 are fictitious.  The Complaint does not

22  set forth the identity or status of any said fictitious defendants, nor does it set forth any

23  charging allegation against any fictitious defendants.  Pursuant to 28 U.S.C. section

24  1441(a), the citizenship of defendants sued under fictitious names must be disregarded

25  for the purpose of determining diversity jurisdiction; *see also Newcombe v. Adolf*

26  *Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

27  **C. AMOUNT IN CONTROVERSY**

28     10. Although the Complaint does not allege a specific amount in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

3.

1   controversy, it can be ascertained that the amount in controversy in this action does, in

2   fact, exceed $75,000.00, exclusive of interest and costs.  Where a complaint is silent

3   as to the amount in controversy, a defendant can establish the amount in controversy

4   by the allegations in a complaint, or by setting forth facts in the notice of removal that

5   demonstrate that the amount in controversy "more likely than not" exceeds

6   $75,000.00.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996);

7   *Guas v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992).  The Court may consider

8   whether it is facially apparent from the Complaint that the jurisdictional amount is

9   met.  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

10          11.     The total amount in controversy with respect to Plaintiff's claims

11   exceeds the $75,000.00 jurisdictional requirement, exclusive of interest and costs,

12   because:

13                  (a)     Plaintiff Gilbert Palmer, Sr. alleges that he has lost income

14   and other benefits of his employment with Defendant.  Plaintiff alleges that Defendant

15   unlawfully discharged and/or discriminated against him because of his alleged

16   medical condition.  [See Complaint, ¶5, 8, 9, 12 and 13].  Specifically, Plaintiff

17   alleges that "[a]s a proximate result of the discriminating conduct, plaintiff has

18   suffered and continues to suffer loss of wages, bonuses, vacation pay and other special

19   damages in an amount to be set forth at time of trial." [See Complaint, ¶13].  If

20   Plaintiff prevails on his First Cause of Action for Medical Condition Discrimination in

21   Employment, Plaintiff is entitled to recover the amount Plaintiff would have earned up

22   to the present date, including any benefits or pay increases.  *See* Judicial Council of

23   California, Civil Jury Instructions ("CACI") No. 2433 (2011); *Wise v. Southern Pac.*

24   *Co.*, 1 Cal. 3d 600, 607 (1970).

25          At the time of his separation, Plaintiff 's schedule consisted of

26   approximately five (5) eight (8) hour shifts each week, for a total of forty (40) hours

27   per week.  [Simpson Decl., ¶ 6.].  In 2009, Plaintiff worked approximately 190 hours

28   of overtime, and in 2010, prior to his separation, Plaintiff worked approximately 265

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

1    hours of overtime. [Simpson Decl., ¶ 6.].  Plaintiff's hourly rate of pay at the time of

2    his separation was $19.86/hour, which equates to approximately $41,308.80 per year,

3    or $794.40 per week, excluding overtime. [Simpson Decl., ¶ 6.] Thus, had Plaintiff

4    remained actively employed from August 9, 2010 to the date of this filing

5    (approximately 45 weeks) and worked the same schedule at the same rate of pay as he

6    had before his retirement, Plaintiff would have been paid approximately $35,748.00 in

7    total gross regular wages (45 x $794.40 = $35,748.00).  In addition, assuming an

8    extremely conservative estimate of 100 hours of overtime (based on Plaintiff's past

9    history of overtime worked), Plaintiff would have earned at least an additional

10   $2979.00 in overtime pay ($19.86 x 1.5 x 100 = $2979.00).  In addition, Plaintiff

11   would have continued to receive his health and welfare benefits at an approximate

12   cost to Defendant of at least $5,494.24 per year. [Simpson Decl., ¶ 7.].  Thus, the

13   amount in controversy attributable to Plaintiff's lost wages and benefits alone is

14   approximately **$44,221.24** ($35,748.00 + $2979.00 + $5,494.24 = $44,221.24).

15              (b)    Plaintiff also seeks damages for the emotional distress he

16   alleges he suffered, which further augments the foregoing amounts and demonstrates

17   that the jurisdictional prerequisite for removal of this action is met.  *See Luckett v.*

18   *Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and

19   suffering and humiliation properly may be factored into the jurisdictional analysis for

20   purposes of removal).   In *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976 (9th Cir. 2005),

21   *cert denied*, 127 S. Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding

22   that the amount in controversy had been established.  In reaching its holding, the

23   Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at

24   least an additional $25,000 to her claim" where she had only $55,000 in lost wages,

25   thus satisfying the amount in controversy requirement "even without including a

26   potential award of attorney's fees." *Id.* at 980.  A similar result is compelled here, as

27   Plaintiff expressly seeks damages for emotional distress. [*See* Complaint ¶ 14 Prayer

28   for Relief, ¶2].  Based on *Kroske*, the emotional distress component of Plaintiff's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

5.

1    claims could add at least **$25,000** to the amount in controversy, and likely more.

2              (c)      Plaintiff also seeks an award of punitive damages.  [*See*

3    Complaint ¶ 15 Prayer for Relief, ¶3].  Punitive damages are included in calculating

4    the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.

5    2d 785, 787 (9th Cir. 1963); *See also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332

6    (S.D. Iowa 1994).  In *State Farm vs. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513,

7    1524 (2003), the Supreme Court ruled that a single-digit ratio (i.e., no more than nine-

8    to-one) was appropriate when issuing an award of punitive damages.  Thus, a punitive

9    damages award against Huhtamaki could easily exceed $75,000.

10             (d)      It is well settled that, in determining whether a complaint

11   meets the amount in controversy requirement, the Court should consider the aggregate

12   value of claims for damages *as well as* attorneys' fees.  *See, e.g., Lowdermilk v. U.S.*

13   *Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007); *Kroske v. U.S. Bank Corp.*,

14   432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS*

15   *Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)(attorneys' fees may be taken

16   into account to determine jurisdictional amounts). Thus, in determining whether the

17   amount in controversy exceeds $75,000.00, the Court is permitted to estimate the

18   amount of reasonable attorney's fees that Plaintiff will incur through trial if he were to

19   prevail on his claims.  At an assumed rate of $300 per hour, Plaintiff's counsel would

20   need to spend only 250 hours of attorney time (a conservative estimate of time spent

21   through trial) to incur $75,000.00 in reasonable attorney's fees (250 x $300 =

22   $75,000).  Moreover, attorney's fees awards pursuant to FEHA often exceed $75,000.

23   For example, in 2001 the California Supreme Court upheld an award of attorneys' fees

24   under FEHA for $1,088,231.  *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001); *see*

25   *also Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) ($75,258 in

26   attorneys' fees awarded under FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75

27   (1986) ($550,000 in attorneys' fees awarded under FEHA); *Beaty v. BET Holdings,*

28   *Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that an award of attorneys' fees of

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

6.

1  $376,520 may be appropriate in a discrimination case where the jury awarded

2  compensatory damages of only $30,000).

3      12.    Defendant denies the validity and merit of all of Plaintiff's claims,

4  the legal theories upon which they are purportedly based, and the claims for monetary

5  and other relief that flow from them.  However, for purposes of removal only, and

6  without conceding that Plaintiff is entitled to any damages or penalties, assuming,

7  *arguendo*, the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's

8  claims establish an amount "in controversy" well in excess of the jurisdictional

9  minimum of $75,000, as required by 28 U.S.C. § 1332.  As set forth above, Plaintiff

10  seeks lost wages, lost benefits, and damages for emotional distress, as well as an

11  award of attorneys' fees and punitive damages, which easily places at least $75,000 in

12  controversy.  [See Complaint, ¶¶5, 13, 14, 15, 16, and Prayer for Relief ¶¶ 1, 2, 3, and

13  4].  As the amount in controversy exceeds $75,000 and there is complete diversity of

14  citizenship between the Parties, the case is properly removed to federal court.

15      **D.    NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL**

16      13.    Contemporaneously with the filing of this Notice of Removal in

17  the United States District Court for the Central District of California, written notice of

18  such filing will be given by the undersigned to Plaintiff's Counsel of Record, Michael

19  J. Faber, and a copy of the Notice of Removal will be filed with the Clerk of the Los

20  Angeles Superior Court.

21  Dated:   June 23, 2011

22

23

24  RICHARD R. GRAY
    COURTNEY S. HOBSON

25  LITTLER MENDELSON
    A Professional Corporation

26  Attorneys for Defendant
    HUHTAMAKI, INC.

27  Firmwide:102335482.2 056551.1083

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

7.

# EXHIBIT A

JUN 20 2011

1  MICHAEL J. FABER, Bar No. 89149
   Attorney at Law
2  12100 Wilshire Blvd.
   Suite 500
3  Los Angeles, CA 90025-7121
   310-442-6610 (Tel)
4  310-442-6612 (Fax)
   email: mfaber@faberlaw.net
5
   Attorney for Plaintiff
6  GILBERT PALMER, SR.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 24 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10                                    B C 4 6 2 2 4 0

11
   GILBERT PALMER, SR., an          )   Case No.
12 individual,                      )
                                    )   COMPLAINT FOR DAMAGES:
13              Plaintiff,          )
                                    )   1.   DISCRIMINATION IN
14      vs.                         )        EMPLOYMENT –
                                    )        MEDICAL CONDITION
15                                  )
   HUHTAMAKI, INC., a corporation,  )   2.   BREACH OF IMPLIED
16 and DOES 1 through 10, inclusive,)        PROMISE NOT TO
                                    )        TERMINATE WITHOUT
17              Defendants.         )        GOOD CAUSE
                                    )
18                                  )

19 ─────────────────────────            DEMAND FOR JURY TRIAL

20                    INTRODUCTORY ALLEGATIONS

21      1.    Plaintiff is, and at all times relevant hereto was, a resident of the State of

22 California, County of Los Angeles.

23      2.    Plaintiff is informed and believes, and thereon alleges, that defendant

24 Huhtamaki, Inc. is, and at all times relevant hereto was, a corporation authorized and

25 doing business within the State of California, County of Los Angeles.

26      3.    The true names and capacities of defendants Does 1 to 10, inclusive,

27 whether individual, corporate, associate or otherwise, are not known to plaintiff, who

28 therefore sues said defendants by such fictitious names.  Plaintiff is informed and

─────────────────────────────────────────────────
                              1
                    COMPLAINT FOR DAMAGES

1  believes, and thereon alleges, that each of said fictitiously named defendants is

2  somehow responsible for the damage complained of herein, and plaintiff will pray

3  leave to amend this complaint to show their true names and capacities when same

4  have been ascertained.

5      4    At all times herein mentioned, each defendant was the agent, servant and

6  employee of its remaining co-defendants, and was at all times acting within the

7  course and scope of said agency, service or employment.

8      5.    In or about January, 1977, plaintiff became employed by defendant, or its

9  predecessor in interest, pursuant to an oral contract of employment for an indefinite

10  term.  For the next nearly 34 years, he performed ably and loyally, such that by

11  August, 2010 he was working as a Receiving Clerk earning nearly $20.00 per hour,

12  plus benefits.

13      6    Throughout his employment, plaintiff performed all of his duties in an

14  exemplary manner. His employment was marked only by the outstanding work he did,

15  his loyalty and commitment.

16      7.    In or about February, 2009, plaintiff was diagnosed with Stage IV colon

17  cancer, for which he required surgery and an extensive round of chemotherapy.  He

18  was forced by his illness and treatment to take a five month disability leave, which

19  plaintiff is informed and believes, and thereon alleges, was disruptive to defendant's

20  operations.

21      8.    Thereafter, plaintiff returned to work, but continued on a regimen of

22  chemotherapy.  Notwithstanding his chemotherapy, however, plaintiff continued to

23  do his job and attempted to minimize any disruptive effect on the work environment.

24  Nevertheless, on or about August 9, 2010, plaintiff was summoned to defendant's

25  human resources office and was told that he was being "retired" against his will. In

26  short, plaintiff's employment was summarily terminated by defendant.

27      9.    Plaintiff is informed and believes, and thereon alleges, that a motivating

28  factor for the termination of his employment included discrimination on the basis of

his medical condition.

## FIRST CAUSE OF ACTION

### (Medical Condition Discrimination in Employment --

### Against All Defendants)

10.    Plaintiff incorporates by reference paragraphs 1 through 9 of the Introductory Allegations as though fully set forth herein.

11.    At all times relevant to the facts alleged in this complaint, Government Code §12940, et seq., were in full force and effect and were binding upon the defendants and each of them.  Such laws represented the public policy of the State of California, to wit, requiring the defendants to refrain from discriminating against any employee on the basis of medical condition.

12.    Plaintiff alleges that the conduct described above constitutes medical condition discrimination in the workplace in violation of California public policy and statute, and was a substantial factor in causing damages and injury as described below.

13.    As a proximate result of the discriminating conduct, plaintiff has suffered and continues to suffer loss of wages, bonuses, vacation pay and other special damages in an amount to be set forth at time of trial.

14.    As a further proximate result of defendant's tortious conduct as hereinbefore alleged, plaintiff was caused to become seriously and severely emotionally upset and depressed.  He has suffered, and continues to suffer anxiety, worry, loss of appetite and loss of sleep, all to his detriment and damage in an amount unspecified at present, and which will be subject to proof at the time of trial.  Plaintiff therefore seeks general damages for such mental and emotional distress according to proof at trial.

15.    The acts of defendants were done intentionally, willfully, oppressively, fraudulently, and maliciously.  The acts complained of were performed, authorized and ratified by defendant's officers, directors and managing agents, thereby entitling

COMPLAINT FOR DAMAGES

C:\Users\Michael Faber\Documents\Docs --C\Palmer, Gilbert\Complaint.wpd

1 plaintiff to punitive and exemplary damages according to proof.

2     16.    Pursuant to Government Code §12965(b), plaintiff requests an award of

3 attorneys' fees against defendants and each of them.

4     17.    Within the time provided by law, plaintiff made a complaint to the

5 Department of Fair Employment and Housing, and plaintiff has received a Right to

6 Sue letter.

### SECOND CAUSE OF ACTION

**(Breach Of Implied Promise Not To Terminate Without Good Cause--**

**Against All Defendants)**

10     18.    Plaintiff incorporates by reference Paragraphs 1 though 9 of the

11 Introductory Allegations as though fully set forth herein.

12     19.    As a result of plaintiff's employment contract with defendants, as

13 hereinbefore alleged, his excellent service for defendants, the lack of any significant

14 disciplinary action taken against him, as well as defendant's own employment policies

15 and procedures, there arose by operation of law a promise that plaintiff's employment

16 would not be terminated without good cause therefor.

17     20.    Defendants breached the covenant not to terminate without cause by

18 terminating plaintiff without good cause as alleged herein.

19     21.    As a proximate result of defendant's termination of plaintiff's

20 employment without good cause, plaintiff has suffered and continues to suffer loss of

21 wages, bonuses, vacation pay, and other special damages in an amount to be set forth

22 in an amount at trial.

23     WHEREFORE, plaintiff prays judgment as follows:

24     1.    Damages for lost wages and other special damages in an amount to be set

25 forth at time of trial;

26     2.    Damages for plaintiff's emotional pain and suffering in an amount to be

27 set forth at time of trial;

28     3.    Punitive and exemplary damages according to proof;

4

COMPLAINT FOR DAMAGES

4.    Attorneys' fees, and costs of suit incurred herein;

5.    For such other and further relief as the court may deem just and proper.

DATED:  May 23, 2011

MICHAEL J FABER
Attorney for Plaintiff
GILBERT PALMER, SR.

5

COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands trial by jury.

3

4   DATED:  May 23, 2011

5                                           MICHAEL J. FABER
                                            Attorney for Plaintiff
6                                           GILBERT PALMER, SR.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

C:\Users\Michael Faber\Documents\Docs --C\Palmer, Gilbert\Complaint.wpd

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Huhtamaki, Inc., a corporation,
**(AVISO AL DEMANDADO):** and Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Gilbert Palmer, Sr., an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 24 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. E. LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es:)<br><br>Los Angeles Superior Court<br>111 North Hill St.<br>P.O. Box 22014<br>Los Angeles, CA  90012 | CASE NUMBER:<br>(Número del Caso:)<br><br>BC462240 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)

310-442-6610

Michael J. Faber, SBN 89149
12100 Wilshire Blvd.
Los Angeles, CA  90025-7121

DATE: _____ Clerk, by _____ AMBER LaFLEUR-CLAYTON, Deputy
(Fecha)   JOHN A. CLARKE, CLERK   (Secretario)   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

MAY 24 2011

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): HUNTAMAK, INC.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-201011-S-0358-w-mpx

EEOC # 37AB010445

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
PALMER, SR., GILBERT (Mr.)

ADDRESS
13708 Cullen Street

TELEPHONE NUMBER (INCLUDE AREA CODE)
(562) 237-1057

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Whittier, | CA | 90605 | Los Angeles | 037 |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
HUHTAMAKI AMERICAS

ADDRESS
4209 E. Noakes

TELEPHONE NUMBER (INCLUDE AREA CODE)
(562) 903-1929

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Los Angeles, | CA | 90023 | Los Angeles | 037 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐RACE ☐ SEX ☐ DISABILITY ☐ RELIGION ☐NATIONAL ORIGIN/ANCESTRY ☐ DENIAL OF FAMILY/MEDICAL LEAVE ☐ SEXUAL ORIENTATION ☐ COLOR     ☐AGE  MARITAL STATUS ☒ MEDICAL CONDITION (cancer or genetic characteristics) ☐OTHER (SPECIFY)

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| 125+ | TOOK PLACE (month, day, and year) 08/09/2010 | 73 |

THE PARTICULARS ARE:

I.    On August 9, 2010, I was forced to retire. I was hired January 20, 1977. My position was Receiving Clerk which paid $19.82 an hour.

II.   Doris Simpson, Human Resource Manager and Mark Stanford, Manager informed me that they were going to early retire me. No reason was given.

III.  I believe I was forced into early retirement based on my medical condition (cancer). I believe this for the following reasons:

A.  In February 2010, I had a reoccurrence of my cancer medical condition, which required continuous medical treatments. I informed Mark Stanford, Manager about my medical condition.

B.  On August 9, 2010, Doris Simpson, Human Resource Manager and Mark Stanford, Manager informed me that they were going to early retire me and no reason was given.

C.  It is my belief that the forced early retirement is a pretext for discrimination based on my medical condition (cancer) as I was the only employee who was forced into early retirement, which prevented me from continuous medical insurance.

Typed and mailed October 3, 2010
☑ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  10/5/10

At  Whittier
         City

COMPLAINANT'S SIGNATURE   RECEIVED

DFEH-300-01 (12/99)          LA:JL:jl          DATE FILED: 10/6/10       OCT 06 2010
                                                                          Department of Fair Employment and Housing
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                                  STATE OF CALIFORNIA

STATE OF CALIFORNIA | State and Consumer Services Agency                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    PHYLLIS W. CHENG, Director
1055 West 7th Street | Suite 1400 | Los Angeles | CA 90017
(213) 439-6799 | TTY (800) 700-2320 | Fax (213) 439-6780
www.dfeh.ca.gov

December 13, 2010

GILBERT PALMER
13708 Cullen Street
whittier, CA 90605

RE:   E201011S0358-00-mpe/37AB010445
      PALMER/HUHTAMAKI AMERICAS

Dear GILBERT PALMER:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Processing Waived To Another Agency.

Please be advised that this recommendation has been accepted and the case has been closed effective December 6, 2010.

This letter is also your Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54.  The civil action must be filed within one year from the date of this letter.  However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.  If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review.  If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator


cc:     Case File


Doris Simpson
Human Resources Manager
HUHTAMAKI AMERICAS
4209 E. Noakes
los Angeles, CA  90023

DFEH-200-08e (06/06)
SLUDWIGJ

JUN 2 4 2011

NOTICE SENT TO:

Faber, Michael J., Esq.
Attorney at Law
12100 Wilshire Blvd., Suite 500
Los Angeles      CA  90025-7121

# ORIGINAL FILED

MAY 2 6 2011

## LOS ANGELES
## SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| GILBERT PALMER SR | Plaintiff(s), | CASE NUMBER |
| | | BC462240 |
| VS. | | |
| HUHTAMAKI INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  August 26, 2011  at  8:30 am  in Dept. 58 at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  May 26, 2011

**ROLF M. TREU**

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  May 26, 2011

John A. Clarke, Executive Officer/Clerk

by _Robert Lee_____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

# EXHIBIT C

  ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael J. Faber, SBN 89149<br>12100 Wilshire Blvd.<br>Ste. 500<br>Los Angeles, CA 90025-7121<br>    TELEPHONE NO.: 310-442-6610    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* mfaber@faberlaw.net<br>ATTORNEY FOR *(Name):* Gilbert Palmer, Sr. | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>**JUN 08 2011**<br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Shaunya Wesley |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: P.O. Box 22014
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

| PLAINTIFF/PETITIONER: Gilbert Palmer, Sr. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Huhtamaki, Inc. | BC 462240 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: Dept 58 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [x] other *(specify documents):* Notice of Case Management Conference; Notice of Case Assignment; Voluntary Efficient Litigation Stps.; DFEH Cmp&Right toSue

3. a. Party served *(specify name of party as shown on documents served):* Huhtamaki, Inc.

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Clay Dunn, President

4. Address where the party was served: Huhtamaki, Inc., 9201 Packaging Drive De Soto, Kansas 66018
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*        (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal Solutions Plus | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Gilbert Palmer, Sr. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Huhtamaki, Inc. | BC 462240 |

5. c. [x] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*: June 7, 2011     (2) from *(city)*: Los Angeles

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [x] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of *(specify)*:

  c. [ ] as occupant.

  d. [x] On behalf of *(specify)*: Huhtamaki, Inc.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [x] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**

  a. Name: Michael J. Faber

  b. Address: 12100 Wilshire Blvd., Ste. 500, Los Angeles, CA 90025

  c. Telephone number: 310-442-6610

  d. **The fee for service was:** $

  e. I am:

    (1) [x] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] registered California process server:

      (i) [ ] owner [ ] employee [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [x] **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

  **or**

9. [ ] **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: June 7, 2011

Michael J. Faber
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     ►     (SIGNATURE)

# EXHIBIT D

1  RICHARD R. GRAY, Bar No. 071030
   LITTLER MENDELSON
2  A Professional Corporation
   500 Capitol Mall
3  Suite 2000
   Sacramento, CA 95814
4  Telephone: 916.830.7200

5  COURTNEY HOBSON, Bar No. 252322
   LITTLER MENDELSON
6  A Professional Corporation
   2049 Century Park East
7  5th Floor
   Los Angeles, CA 90067.3107
8  Telephone: 310.553.0308

9  Attorneys for Defendant
   HUHTAMAKI, INC.
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      COUNTY OF LOS ANGELES

13  GILBERT PALMER, SR., an individual,      Case No. BC 462240

14              Plaintiff,                   ASSIGNED FOR ALL PURPOSES TO
                                             JUDGE ROLF TREU, DEPT. 58
15       v.
                                             **DEFENDANT HUHTAMAKI, INC.'S
16  HUHTAMAKI, INC., a corporation; and      ANSWER TO PLAINTIFF'S UNVERIFIED
    DOES 1 through 10, inclusive,            COMPLAINT**

17              Defendants.                  Trial Date: Not Set
                                             Complaint Filed: May 24, 2011
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 22 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

Comes now Defendant HUHTAMAKI, INC. ("Defendant"), by and through its attorneys, severing itself from any unserved, unnamed, dismissed and/or other co-Defendants, and for its Answer to the unverified complaint ("Complaint") of Plaintiff GILBERT PALMER, SR. ("Plaintiff") hereby admits, denies and asserts the following allegations and affirmative defenses:

## GENERAL DENIAL

Pursuant to California Code of Civil procedure section 431.30(d), Defendant hereby denies generally and specifically each and every allegation of the Complaint, and further denies that Plaintiff has been damaged in any sum, or at all. Defendant does not admit that they have the burden of production or proof with respect to any such defense. Defendant further asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2.      As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.      As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.      As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of estoppel.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT HUHTAMAKI, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6. As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of avoidable consequences.

## SEVENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

7. As a separate and affirmative defense, to the extent that during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages, or shall reduce such claim as provided by law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

8. As a separate and affirmative defense, Defendant alleges without admitting that Plaintiff is entitled to any recovery, that any recovery to which Plaintiff might be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence.

## NINTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

9. As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred in whole or in part by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 338(a), 339(1) and/or 343; and/or section 12965(n) of the California Government Code.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

2.

DEFENDANT HUHTAMAKI, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### TENTH AFFIRMATIVE DEFENSE

**(Plaintiff's Breach of Duty)**

10.    As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by Plaintiff's own breaches of duty owed to Defendants, including, but not limited to, those set forth in California Labor Code section 2854 and 2856 – 2859.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust)**

11.    As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant as Plaintiff failed to timely invoke and/or exhaust administrative remedies available to him.

### TWELFTH AFFIRMATIVE DEFENSE

**(Complaint Exceeds Scope of Administrative Charges)**

12.    As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred in whole or in part to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the United States Equal Employment Opportunity Commission and thus, Plaintiff failed to exhaust his requisite administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Adverse Action Not Due To Medical Condition)**

13.    As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained as any adverse employment action suffered by Plaintiff was based upon reasonable factors other than his alleged medical condition.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Good Faith, Legitimate Non-Discriminatory Reasons)**

14.    As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained because, without

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT HUHTAMAKI, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  admitting that it engaged in any of the acts alleged, any conduct attributed to Defendant by Plaintiff

2  was justified, made in good faith for legitimate non-discriminatory reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Prompt Corrective Action Taken)

15.   As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained because, at all relevant times, Defendant took prompt and appropriate corrective action in response to Plaintiff's workplace concerns, thereby satisfying all legal obligations Defendant had to Plaintiff, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

16.   As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained because: (a) Defendant exercised reasonable care to prevent and promptly correct any discriminatory or otherwise unlawful behavior, including, but not limited to, having an anti-discrimination and internal complaint procedure; and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to otherwise avoid harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope)

17.   As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained because if Defendant's employees took the actions alleged, such actions were committed outside the course and scope of such employees' employment; were not authorized, adopted or ratified by Defendant; and/or Defendant did not know of nor should they have known of such conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

18.   As a separate and affirmative defense, Defendant alleges that Plaintiff's cause of action for discrimination cannot be maintained because Defendant alleges that its conduct (and the conduct of its officers, managers or employees while acting in the course and scope of their

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4.

employment) is protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

## NINETEENTH AFFIRMATIVE DEFENSE

### (ERISA Preemption)

19.     As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained to the extent Plaintiff asserts a claim pertaining to benefits, as such claim(s) relate to a plan maintained by Defendant that is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and accordingly such claims are preempted by ERISA.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

20.     As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3500, et seq., and California Labor Code section 132a, in that: (1) the injuries complained of occurred when both Plaintiff and his employer were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his alleged employment and was acting within the course and scope of his alleged employment; (3) Plaintiff allege that the injuries were caused by his alleged employment, and accordingly, this Court lacks subject matter jurisdiction over said claims; and (4) Plaintiff's alleged employment was covered by workers' compensation; and (5) Defendant paid the entire costs for that coverage.  Accordingly, this Court lacks subject matter jurisdiction over said claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Alternative Proximate Causes of Emotional Distress)

21.     As a separate and affirmative defense, Defendant alleges that if Plaintiff has suffered

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
os Angeles, CA 90067 3107
310.553.0208

DEFENDANT HUHTAMAKI, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

any emotional distress and/or pain and suffering, which Defendant denies, such emotional distress and/or pain and suffering were proximately caused by factors other than Plaintiff's employment, the actions of Defendant or anyone acting on Defendant's behalf, or either of these.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Contribution to Own Emotional Distress)

22.    As a separate and affirmative defense, Defendant alleges that if Plaintiff has suffered any emotional distress and/or pain and suffering, which Defendant denies, Plaintiff contributed to his own distress and/or pain and suffering, and by reason of his contribution, any remedy to which he might otherwise be entitled must be denied or reduced accordingly.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

23.    As a separate and affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any disability benefits, unemployment benefits and/or other monies or benefits Plaintiff has received or will receive.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

24.    As a separate and affirmative defense, Defendant alleges, without admitting that Plaintiff is entitled to any recovery, that any recovery Plaintiff might receive must be reduced by Plaintiff's failure to mitigate his damages, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Acts to Justify Punitive Damages)

25.    As a separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because Defendant committed no acts justifying an award of punitive damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Advance Knowledge of Unfitness of Employees)

26.    As a separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because Defendant neither had advance knowledge of the unfitness

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1   of any of its employees nor supervised its employees with conscious disregard for the rights and/or

2   safety of others.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Violate Due Process &/or Equal Protection)

27.     As a separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because the provisions of California law allowing for the award of punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate Defendant's rights to due process and/or equal protection under the law and under the Constitutions of the United States of America and the State of California.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (No Malice, Oppression or Fraud by Managing Agent)

28.     As a separate and affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because, without admitting to any of the acts, conducts or statements attributed to Defendant by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained in the Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Reservation of Right to Amend)

29.     As a separate and affirmative defense, Defendant alleges that insofar as Plaintiff's Complaint does not describe the claims, facts, or conduct of Plaintiff with sufficient particularity to permit Defendant to ascertain and state all affirmative defenses as this time, Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses and to rely on any and all such further defenses that become apparent during the course of this action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

7.

DEFENDANT HUHTAMAKI, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.    The Complaint be dismissed in its entirety with prejudice;

2.    Plaintiff takes nothing by way of his Complaint;

3.    Defendant be awarded judgment in their favor and against Plaintiff;

4.    Defendant recover its costs of suit herein; and

5.    The Court grant Defendant such other and further relief as it deems proper.

Dated: June 22 , 2011

Respectfully submitted,

RICHARD R. GRAY
COURTNEY S. HOBSON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
HUHTAMAKI, INC.

Firmwide:102309820.2 056551.1083

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

8.

DEFENDANT HUHTAMAKI, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2

3        I am a resident of the State of California, over the age of eighteen years, and not a

4    party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles,

5    California 90067.3107. On June 22, 2011, I served the within document(s):

6        DEFENDNT HUHTAMAKI, INC.'S ANSWER TO PLAINTIFF'S
         UNVERIFIED COMPLAINT
7

8    ☐    by facsimile transmission at or about _____ on that date. This document
          was transmitted by using a facsimile machine that complies with California Rules
9         of Court Rule 2003(3), telephone number 310.553.5583. The transmission was
          reported as complete and without error. A copy of the transmission report, properly
10        issued by the transmitting machine, is attached. The names and facsimile numbers
          of the person(s) served are as set forth below.
11

12   ☒    by placing a true copy of the document(s) listed above for collection and mailing
          following the firm's ordinary business practice in a sealed envelope with postage
13        thereon fully prepaid for deposit in the United States mail at Los Angeles,
          California addressed as set forth below.
14

15   ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
          fees provided for, in an overnight delivery service pick up box or office designated
16        for overnight delivery, and addressed as set forth below.

17   ☐    by personally delivering a copy of the document(s) listed above to the person(s) at
          the address(es) set forth below.

18

19   ☐    Based on a court order or an agreement of the parties to accept service by e-mail or
          electronic transmission, I caused the documents to be sent to the persons at the e-
20        mail addresses on the attached service list on the dates and at the times stated
          thereon. I did not receive, within a reasonable time after the transmission, any

21        electronic message or other indication that the transmission was unsuccessful. The
          electronic notification address of the person making the service is
22        _____@littler.com.

23       Michael J. Faber, Esq.
         12100 Wilshire Blvd.
24       Suite 500
         Los Angeles, CA 90025-7121
25       Fax: 310.442.6612

26       I am readily familiar with the firm's practice of collection and processing

27   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308                    Firmwide:102275291.1 056551.1083

1   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

2   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

3   thereon fully prepaid in the ordinary course of business.

4         I declare under penalty of perjury under the laws of the State of California that the

5   above is true and correct. Executed on June 22, 2011, at Los Angeles, California.

6

7

8                             Maria Lozano

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:102275291.1 056551.1083                              2.